GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
        justin.rhoades@usdoj.gov
        jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 09-230(A)-SVW |
| Plaintiff, | GOVERNMENT'S POSITION RE: SENTENCING OF DEFENDANT LUZ MENDOZA |
| v. | |
| RAMON NARCISO MORALES MENDOZA, ET AL., | SENTENCING DATE: **2/8/2010** |
| Defendants. | |

Plaintiff United States of America hereby files its sentencing position relating to defendant Luz Mendoza. The United States respectfully recommends that the Court impose a sentence of 6 years incarceration, 3 years supervised release, and a $100 mandatory special assessment.

///

The United States' position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

DATED: January 28, 2010          Respectfully submitted,

                                                 GEORGE S. CARDONA
                                                 Acting United States Attorney

                                               CHRISTINE C. EWELL
                                               Assistant United States Attorney
                                               Chief, Criminal Division

                                                 /s/
                                               ARIEL A. NEUMAN
                                               JUSTIN R. RHOADES
                                               JEFF P. MITCHELL
                                               Assistant United States Attorneys

                                               Attorneys for Plaintiff
                                               United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Luz Mendoza ("defendant") pleaded guilty to Count One of the First Superseding Indictment, conspiracy to distribute heroin in violation of 21 U.S.C. § 846.  Defendant admitted several roles in this large-scale heroin distribution conspiracy:

1) Defendant received unprocessed black tar heroin (presumably imported directly from Mexico) from co-defendants which she helped process and package for distribution by others;

2) Defendant and her co-defendants used hidden compartments in vehicles, used coded language on the phones, and coordinated information with others regarding law enforcement activity, to help those involved in the sale and transportation of heroin evade detection by law enforcement; and

3) Defendant regularly transferred proceeds derived from the sale of heroin to co-defendants who would see that the money was sent to the sources of supply in Mexico.
Plea Agreement ¶ 11.

Defendant was therefore an important link in the heroin distribution chain for this organization, providing the bridge between the sources of supply in Mexico and the street-level dealers in Los Angeles and beyond.  Id.

**II.   THE PRESENTENCE REPORT AND PROBATION OFFICER'S RECOMMENDATION**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on September 21, 2009.  The PSR calculated the total offense level as follows:

```
Base Offense Level    :    30    U.S.S.G. § 2D1.1(c)(5)
Acceptance of
Responsibility        :    -3    U.S.S.G. § 3E1.1
```

PSR ¶¶ 41-53. The PSR also calculated a criminal history category of I based on zero criminal history points. PSR ¶¶ 58-59. The United States Probation Office recommended the following sentence: a 70-month term of imprisonment, a four-year term of supervised release, and a special assessment of $100. USPO Recommendation Letter. The Probation Officer found that a fine would place an undue burden on defendant's dependants. Id. at 1. The United States does not object to the findings set forth in the PSR.

**III. APPLICATION OF "SAFETY VALVE"**

The United States submits that defendant qualifies for relief from the mandatory minimum sentence pursuant to 18 U.S.C. § 3553(f), and moves the Court to imposes the recommended sentence of 6 years incarceration. The parties stipulated that defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; that the offense did not result in death or serious bodily injury to any person; and that defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise. Plea Agreement ¶ 15. The PSR has determined that defendant has zero criminal history points, and defendant recently "truthfully provide[] to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a

2

common scheme or plan[.]"  See 18 U.S.C. § 3553(f)(5), U.S.S.G. § 5C1.2(a)(5).

Therefore, defendant's offense level is properly set at a level 25.[1]  U.S.S.G. § 2D1.1(b)(11).  Based on offense level 25 and criminal history category I, defendant's guideline sentencing range is determined to be 57-71 months incarceration.

**IV.  UNITED STATES' RECOMMENDATION**

Defendant is more culpable than the majority of defendants in this case, the majority of whom have received sentences of 60 months incarceration.  Defendant is not a low-level street dealer, but instead provided a vital link, together with her husband and co-defendant Antero Mendoza-Ortiz, for this large-scale heroin distribution organization.  Together, with three children present in the home, defendant and her husband regularly took possession of black tar heroin, prepared and processed it for distribution, and arranged for the sale of the heroin by others on the street.  They used sophisticated means to avoid detection, including hidden compartments in vehicles, coded language on the phones, and coordination of information regarding law enforcement activity.  Defendant admits responsibility for the distribution of a large quantity of heroin, and the investigation revealed – and defendant's admissions confirm – that her involvement in the conspiracy was long-standing, ongoing, and integral.  Further, defendant's responsibility for

---

[1] The United States hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty.  U.S.S.G. § 3E1.1(b).

3

transporting the proceeds of heroin sales back to Mexico suggests a deeper level of involvement and responsibility than many of her co-defendants.

Defendant is not a heroin addict who fell into this business in an effort to feed a habit. PSR ¶ 77. Instead, defendant, like her husband, is intimately tied to this heroin distribution organization. Her husband, co-defendant Antero Mendoza-Ortiz, is scheduled to be sentenced on February 8, 2010, for the same offense and the United States has recommended a sentence of 6½ years incarceration. Her sister, co-defendant Jessica Mendoza, previously received a 120-month sentence in this matter. Jessica Mendoza's boyfriend, co-defendant Mario Lopez, previously was sentenced to 120 months incarceration. Thus, a sentence of 6 years, or 72 months, for this defendant is not unwarranted or disparate. Defendant was involved with and associated with many of the leaders of the organization, some of who are still fugitives believed to have fled to Mexico, and played an integral role in the organization.

Prior to this conviction, defendant had no arrests, graduated from high school, and maintained an intact family, according to the PSR. At the same time, she endangered her three children on a daily basis by involving herself and her husband in the heroin business. She continued in that business up to and through the arrest of many of her co-defendants, including discussing the possibility that her sister was processing heroin when arrested. In short, while defendant appears to have some mitigating personal characteristics, when examined more closely they in fact suggest that a more punitive sentence is warranted.

4

The history and characteristics of this defendant, including her family's deep involvement in the heroin importation and distribution, suggest that the recommended sentence is necessary to deter others in the family from taking up the heroin business.

This defendant, based on the evidence and her own admissions, is far more culpable than many defendants in this matter who received 60 month sentences of incarceration.  At the same time, her criminal history is less than many of those defendants.  Defendant and her husband are both being sentenced on the same date and the United States has recommended a slightly lower sentence for this defendant based on the evidence suggesting that her husband had taken a larger role in the organization and was planning to start his own heroin business. At the same time, both defendants warrant sentences higher than those imposed on the street-level dealers the Court has previously sentenced.  Accordingly, here the United States has recommended a sentence of 6 years, or 72 months incarceration, three years supervised release, and the mandatory special assessment of $100.  This recommended sentence takes into account the guidelines calculation, as well as the need to effect the other goals of § 3553(a): deterrence, punishment, avoiding unwarranted disparities, and protection of the public.  The sentence is not unduly harsh given the nature of the offense and defendant's relative culpability to others in the case, and it accounts for both the mitigating and aggravating factors specific to this defendant.

**V.   CONCLUSION**

　　For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 72 months imprisonment, three years of supervised release, and a special assessment of $100.